IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| AGUSTIN PACHECO, § | |
| § | |
| Plaintiff, § | |
| § | |
| v. § | Civil Action No. 3:10-CV-106-N |
| § | |
| UNIVERSAL FOREST PRODUCTS § | |
| WESTERN DIVISION, INC. d/b/a § | |
| UNIVERSAL FOREST PRODUCTS, § | |
| § | |
| Defendant. § | |

**ORDER**

This Order addresses Defendant Universal Forest Products Western Division, Inc. d/b/a Universal Forest Products's ("UFP") motion for summary judgment [Doc. 29]. The Court grants the motion.[1]

### I. THE PARTIES' DISPUTE OVER PACHECO'S OVERTIME HOURS

UFP is a manufacturer and distributor of wood and wood alternative products. Plaintiff Agustin Pacheco, a Hispanic male, has worked for UFP, with one two-month hiatus, since 1986. UFP hired him as a truss builder, but as of November 2006, Pacheco was a floor supervisor at UFP's Grandview, Texas plant. In 2007, UFP transferred Pacheco from the Grandview facility to a newly acquired plaint in Hillsboro, Texas (the "Mill"). After the

---

[1]Pacheco also moves for leave to file his response brief after the response deadline [45]. The Court grants the motion. Additionally, UFP has moved to strike various portions of Pacheco's summary judgment evidence [49]. The Court, however, does not consider Pacheco's evidence due to Pacheco's failure to refile his appendix as directed by the Court. *See infra* at 4–5. The Court therefore denies UFP's motion as moot.

transfer, UFP gave Pacheco the job of production supervisor and paid him an hourly rate of $18.12. In mid-2008, UFP suffered a business downturn. In June 2008, UFP, citing the slowdown and Pacheco's job performance, demoted Pacheco. The parties dispute the details of this demotion, but they agree that UFP removed Pacheco from his job as production supervisor and that, whatever his new job title, Pacheco worked as a laborer and machine operator at least between January 2, 2009 and October 23, 2009. Def.'s Br. in Supp. of Def.'s Mot. Summ. J. 7 n.9 (admitting this fact for summary judgment purposes). Despite the demotion, UFP did not change Pacheco's $18.12-per-hour pay rate. Pacheco's pay rate was substantially higher than his peers' rates, which ranged from $8.69 to $11.25 per hour. Decl. of Ryan Powell [hereinafter "Powell Decl."] ¶ 20 (Def.'s App. in Supp. of Mot. Summ. J. [hereinafter Def.'s App.] 140).

Pacheco filed a charge of discrimination with the Equal Employment Opportunity Commission ("EEOC") in July 2008, about a month after his job description changed. He filed a lawsuit against UFP later that year based on the assertions in the charge (collectively, with July 2008 EEOC charge, "First Litigation"). In the First Litigation, which dealt, among other things, with his demotion, Pacheco alleged that UFP discriminated against him based on his national origin and that UFP retaliated against him. This Court ultimately granted summary judgement to UFP as to all claims in the First Litigation.

In October 2009, while the First Litigation was pending, Pacheco filed a second charge of discrimination with the EEOC, alleging further retaliation between January 2, 2009 and October 23, 2009 (the "Relevant Period"). This second charge led to this suit, which

Pacheco filed in January 2010.  Pacheco asserts in his amended complaint [6] that during the Relevant Period his supervisors regularly denied his requests to work overtime hours. According to Pacheco, his supervisors told him that no work was available, but they then allowed other employees to work overtime during the very hours Pacheco had sought to work.  He maintains that UFP treated him this way because of the First Litigation.  He admits, however, that UFP did not deny all his overtime requests during the Relevant Period. In fact, Pacheco worked 72.75 overtime hours, about ten fewer hours than the average Mill employee, during this period.  Powell Decl. ¶ 19 (Def.'s App. 139).  UFP now moves for summary judgment.

## II. SUMMARY JUDGMENT STANDARD

Courts "shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." FED. R. CIV. P. 56(a); *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247 (1986).  In making this determination, courts must view all evidence and draw all reasonable inferences in the light most favorable to the party opposing the motion.  *United States v. Diebold, Inc.*, 369 U.S. 654, 655 (1962).  The moving party bears the initial burden of informing the court of the basis for its belief that there is no genuine issue for trial.  *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986).

When a party bears the burden of proof on an issue, "he must establish beyond peradventure all of the essential elements of the claim or defense to warrant judgment in his favor."  *Fontenot v. Upjohn Co.*, 780 F.2d 1190, 1194 (5th Cir. 1986).  When the nonmovant

bears the burden of proof, the movant may demonstrate entitlement to summary judgment either by (1) submitting evidence that negates the existence of an essential element of the nonmovant's claim or affirmative defense, or (2) arguing that there is no evidence to support an essential element of the nonmovant's claim or affirmative defense. *Celotex*, 477 U.S. at 322-25. Once the movant has made this showing, the burden shifts to the nonmovant to establish that there is a genuine issue of material fact so that a reasonable jury might return a verdict in its favor. *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586–87 (1986). Moreover, "[c]onclusory allegations, speculation, and unsubstantiated assertions" will not suffice to satisfy the nonmovant's burden. *Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1429 (5th Cir. 1996) (en banc). Indeed, factual controversies are resolved in favor of the nonmoving party "'only when an actual controversy exists, that is, when both parties have submitted evidence of contradictory facts.'" *Olabisiomotosho v. City of Houston*, 185 F.3d 521, 525 (5th Cir. 1999) (quoting *McCallum Highlands, Ltd. v. Washington Capital Dus, Inc.*, 66 F.3d 89, 92 (5th Cir. 1995)).

When Pacheco filed his appendix of evidence supporting his response to UFP's motion for summary judgment, he simultaneously moved the Court to seal the appendix. *See* Mot. to Seal Pl.'s App. [46]. In response, the Court struck the appendix in its entirety and ordered Pacheco to redact various portions of it and refile the appendix within fourteen days. *See* Order, May 24, 2012 [47]. Pacheco never refiled the appendix. Because Pacheco did not comply with the Court's order, the Court will not consider evidence in the stricken

appendix in deciding this motion; however, the Court would reach the same result if it considered the appendix.

### III. UFP IS ENTITLED TO SUMMARY JUDGMENT

The *McDonnell Douglas* burden-shifting framework governs retaliation claims. A plaintiff establishes a prima facie retaliation case by showing that (1) he engaged in a protected activity, (2) an adverse employment action occurred, and (3) there was a causal link between the protected activity and the adverse employment action. *Taylor v. United Parcel Serv., Inc.*, 554 F.3d 510, 523 (5th Cir. 2008). If the plaintiff is successful in presenting a prima facie case, the burden shifts to the employer to articulate a legitimate, nonretaliatory reason for the adverse employment action. *Long v. Eastfield Coll.*, 88 F.3d 300, 304–05 (5th Cir. 1996) (citing *McMillan v. Rust Coll., Inc.*, 710 F.2d 1112, 1116 (5th Cir. 1983)). If the defendant proffers such a reason, "the fact-finder must decide whether retaliation was the but-for cause for the employer's action." *Hernandez v. Yellow Transp., Inc.*, 670 F.3d 644, 657 (5th Cir. 2012) (citing *Long*, 88 F.3d at 305 n.4), *cert. denied*, No. 11-1361, 2012 WL 1657214 (Oct. 1, 2012). This means that "a plaintiff may avoid summary judgment on 'but for' causation by demonstrating 'a conflict in substantial evidence on this ultimate issue.'" *Id.* at 660 (quoting *Long*, 88 F.3d at 308).

***1. Pacheco's Prima Facie Case Is Questionable.*** – There are substantial questions as to whether Pacheco successfully asserts a prima facie case of retaliation. The Court need not resolve the questions, however, because Pacheco's claim would fail regardless of the resolutions. The parties do not dispute that Pacheco's actions during the period of the First

Litigation constitute a protected activity. But it is not clear that Pacheco suffered an adverse employment action. An adverse employment action in the context of a retaliation claim must be "materially adverse": it must "dissuade a reasonable worker from making or supporting a charge of discrimination." *Stewart v. Miss. Transp. Comm'n*, 586 F.3d 321, 331 (5th Cir. 2009) (quoting *Burlington N. & Santa Fe Ry. Co. v. White*, 548 U.S. 53, 68 (2006)).

As a threshold matter, the Court is aware of no published Fifth Circuit opinion addressing whether denial of overtime opportunities constitutes an adverse employment action. In two unpublished opinions, however, the Fifth Circuit has suggested that such a denial may indeed constitute an adverse employment action in a retaliation action. *Johnson v. Manpower Prof'l Servs., Inc.*, 442 F. App'x 977, 982 (5th Cir. 2011) (unpub.) ("Denial of overtime pay is an adverse employment action because it relates to . . . compensation.") (citing *Pegram v. Honeywell, Inc.*, 361 F.3d 272, 282 (5th Cir. 2004); *Shannon v. Bell Telecomms., Inc.*, 292 F.3d 712, 716 (11th Cir. 2002)); *Magiera v. City of Dallas*, 389 F. App'x 433, 438 (5th Cir. 2010) (unpub.) ("[B]eing denied lateral transfer opportunities and overtime assignments could be a materially adverse action . . ."); *see also Zeigler v. Univ. of Miss. Med. Ctr.*, No. 3:11-CV-51-TSL-MTP, 2012 WL 2912502, at *2 (S.D. Miss. May 4, 2012) (finding "a denial of the opportunity for overtime and accompanying compensation" to be adverse employment action). Unpublished opinions from the Fifth Circuit after 1996, however, are not precedent in this case. *See* 5TH CIR. R. 47.5.4. For the purposes of this motion, the court presumes, without deciding, that denial of overtime opportunities rises to

the level of an adverse employment action in the retaliation context and that UFP subjected Pacheco to such an action.

The evidence in the record demonstrating a causal link between the First Litigation and UFP's denial of Pacheco's overtime requests is also questionable. Courts in the Fifth Circuit looks to three factors to determine whether there is a causal link: (1) the employee's past disciplinary record, (2) whether the employer followed its typical policy and procedures in taking the adverse employment action, and (3) the temporal relationship between the employee's conduct and his discharge. *See Nowlin v. Resolution Trust Corp.*, 33 F.3d 498, 508 (5th Cir. 1994). As to the first factor, UFP has identified only one item that appears to be part of Pacheco's disciplinary history: making a false statement in support of a coworker. Powell Decl. ¶ 14 (Def.'s App. 138). UFP has also pointed to a few other complaints about Pacheco's work at the Mill, including various items appearing in Pacheco's 2006 and 2007 performance reviews. Def.'s Ex. B (Def.'s App. 126–34). None of these concerns apparently resulted in any formal discipline, however. It is unclear from the record whether Pacheco's disciplinary record, which was not extensive, was a factor leading to the reduction in his overtime. The factor thus does not assist the Court in determining whether there was a causal link.[2]

The record contains no evidence as to the second factor, which accordingly does not affect the Court's analysis. As to the third factor, Pacheco asserts sufficient temporal

---

[2]This factor appears more pertinent if the adverse employment action resulted from disciplinary actions. Neither side here contends that the denial of additional overtime was related to Pacheco's disciplinary record.

ORDER – PAGE 7

proximity to suggest a causal link. In some cases, temporal proximity alone may indeed be "sufficient evidence of causality to establish a prima facie case," provided that the proximity is "very close." *Clark County Sch. Dist. v. Breeden*, 532 U.S. 268, 273–74 (2001). Pacheco filed the EEOC charge associated with the First Litigation on July 31, 2008. The Relevant Period began January 2, 2009. This six-month lapse is insufficient to suggest a causal link on its own. *See id.* (citing cases indicating three- and four-month periods are insufficient to establish causality). Pacheco, however, asserts in his response brief that his overtime hours decreased beginning in August 2008, not January 2009. Pl.'s Resp. Br. [39] 16. This conflicts with his assertion in his amended complaint that he suffered retaliation "[b]eginning on January 2, 2009." Am. Compl. ¶ 6. Given that Pacheco filed his first EEOC charge on July 31, 2008, the timeline in Pacheco's brief would provide sufficient temporal proximity for the Court to find that Pacheco has stated this element of his case. The Court need not resolve the conflict between Pacheco's amended complaint and his response brief, since, as discussed below, Pacehco's claim fails even presuming that he has stated a prima facie case. For the purpose of deciding this motion, the Court accordingly presumes, without deciding, that Pacheco has stated a prima facie case.

***2. UFP Asserts Three Legitimate, Nonretaliatory Reasons for Denying Pacheco Overtime.*** – Presuming that Pacheco has stated a prima facie case, UFP offers three legitimate, nonretaliatory reasons for the decrease in Pacheco's overtime hours. First, it contends that the decline in Pacheco's hours reflects a general decrease in overtime hours at the Mill in 2009 caused by the downturn that began in 2008. Powell Decl. ¶ 18 (Def.'s App.

139). Second, Pacheco was trained to operate only one or two machines, all of which are related to truss production, and that he was trained only as a machine operator. Decl. of Teodorito "Tito" Pinedo ¶ 7 (Def.'s App. 143); Dep. of Agustin Pacheco, 67:24–25; 72:18–35 (Def.'s App. 9–10). Some workers at the Mill, in contrast, were able to operate several machines, including machines unrelated to truss production, and some workers had training as forklift operators or welders in addition to their machine-operation training. Powell Decl. ¶ 16–17 (Def.'s App. 139–140). Because supervisors allocated overtime hours based on production needs and corresponding employee skills, *id.* ¶ 8 (Def.'s App. 143), Pacheco was at a disadvantage compared to his coworkers with more varied training. Third, because Pacheco's hourly wage was higher than any other employee's, it was more expensive for UFP to give Pacheco overtime hours than it was for UFP to give those hours to anyone else. *Id.* ¶ 20 (Def.'s App. 140).

   ***3. Pacheco Cannot Point to a Conflict Regarding But-For Causation.*** – Because UFP has articulated three legitimate, nonretaliatory reasons for denying Pacheco overtime, the Court must determine whether there is a genuine dispute as to whether retaliation was a but-for cause of UFP's action. Pacheco must demonstrate "a conflict in substantial evidence on this ultimate issue." *See Hernandez*, 670 F.3d at 657 (quoting *Long*, 88 F.3d at 308).

   Pacheco challenges UFP's asserted reasons, attempting to prove that retaliation must have been a but-for cause of the overtime reduction because the asserted reasons were not. Pacheco's arguments, however, are unavailing. As to the first asserted reason, the general decrease in overtime hours a the Mill, Pacheco points to two tables apparently compiled by

ORDER – PAGE 9

his counsel that compare Pacehco's overtime hours to those of some of his coworkers. The Court declines to consider this evidence, as it is part of Pacheco's stricken appendix. Moreover, even if the Court were to take the tables into account, they are of no probative value, because they include hours worked by only a handful of Pacheco's coworkers presumably selected by his attorney. The fact that some selected coworkers got more overtime than Pacheco has no bearing on UFP's proffered explanation that, overall, overtime was down at the plant and thus does not suffice to raise a fact issue regarding pretext. Pacheco has thus failed to negate UFP's first asserted reason.

UFP's second asserted rationale is Pacheco's lack of varied training. To counter this reason, Pacheco points to evidence suggesting that at one time well before the Relevant Period, he had training on more machines and training as a forklift operator. The Court, however, declines to consider this evidence, too, as it appears in the stricken appendix. Moreover, even if the Court considered the evidence, it does not indicate that Pacheco maintained any of the asserted certifications during the Relevant Period. There is thus no evidence to indicate that UFP's second asserted reason is pretextual.

Third, Pacheco seeks to undermine the rationale that UFP's decisions were based in part on Pacheco's high pay rate. Pacheco notes that he had received a high hourly rate since January 2006 and had nonetheless received significant overtime before the First Litigation. However, two facts suggest that Pacheco's hourly wage was more of a factor during the Relevant Period than from 2006 to 2008. First, UFP demoted Pacheco from supervisor to laborer in mid-2008. Before the demotion, Pacheco's pay rate was not out of line with his

peers' rates; after the demotion, his pay rate was significantly higher than similarly situated workers'. Second, UFP would have felt the cost of assigning overtime hours to Pacheco more acutely given its financial situation after the 2008 downturn. Given these factors, Pacheco's contention that he received high-price overtime before the Relevant Period fails to raise a fact issue regarding UFP's explanation that he got less overtime in the Relevant Period because it cost too much.

Given that Pacheco's attempts to undermine UFP's legitimate, nonretaliatory reasons are unavailing, Pacheco is left with only temporal proximity as proof of but-for causation. Whether the Court considers that the alleged retaliation began in August 2008 or January 2009, this evidence is insufficient as a matter of law to support Pacheco's claim. Unlike showing a prima facie case, the Fifth Circuit "affirmatively reject[s] the notion that temporal proximity standing alone can be sufficient proof of but for causation" in the pretext context. *Strong v. Univ. Healthcare Sys., L.L.C.*, 482 F.3d 802, 808 (5th Cir. 2007). Pacheco thus cannot point to a conflict in substantial evidence on the issue of but-for causation. The Court accordingly finds that no factfinder could conclude that retaliation was the but-for cause of UFP's denial of Pacheco's overtime requests. As there is no conflict regarding but-for causation, Pacheco has not met his burden and his claim fails. UFP is thus entitled to summary judgment.

## CONCLUSION

The evidence in the record reveals that Pacheco cannot, as a matter of law, succeed on his claim. The Court accordingly grants UFP's motion for summary judgment.

Signed November 28, 2012.

_____
David C. Godbey
United States District Judge

ORDER – PAGE 12